UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Naoma A. Full, (a.k.a Naoma Crisp-Lindgren, M.D.), | ) | Civil Action No.: 4:02-4259-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| South Carolina Department of Mental Health, Dr. Charles Bevis, Individually and in his Official Capacity, Dr. Phillip Bowman, Individually and in his Official Capacity, | ) | |
| | ) | |
| Defendants. | ) | |

## Procedural History

The plaintiff filed an action in this Court against the South Carolina Department of Mental Health. After a contested hearing, the Court allowed the plaintiff to amend her complaint to name eleven (11) additional defendants. Defendants filed a motion to dismiss pursuant to Rules 12(b)(1) and 12 (b)(6) along with supporting memorandum on March 17, 2004. The plaintiff filed an opposition memorandum to which defendants filed a reply. The South Carolina Department of Mental Health filed a motion for summary judgment on November 24, 2004, and Drs. Charles Bevis and Phillip Bowman filed a motion for summary judgment on November 30, 2004. Plaintiff filed a response to the motions for summary judgment on December 13, 2004, to which all defendants filed a reply. This Order will deal jointly with the motions to dismiss and the motions for summary judgment.

This matter is now before the undersigned for review of the Reports and Recommendation ("the Report") filed August 6, 2004 and August 15, 2005, by United States Magistrate Judge Thomas

1

E. Rogers, III, to whom this case had previously been assigned pursuant to 28 U.S.C. § 636 and Local Rule 73.02(B)(2)(g). In his Report concerning the motion to dismiss, Magistrate Judge Rogers carefully considers these issues and recommends that the eleven individual defendants be dismissed. Plaintiff filed objections to the Report on August 25, 2004. The Magistrate Judge issued an order September 3, 2004, dismissing the nine (9) board members who the plaintiff agreed to dismiss in her objections. On October 19, 2004, this Court granted a Consent Order of Dismissal and for Substitution of Counsel. In that order, defendants McLaurin, Lanier, Fred, King, Cooper, McBride, Tanner, Garner, and Dixon were dismissed with prejudice in both their individual and official capacities as board members of the Pee Dee Mental Health Board.

The plaintiff makes the following objections to the August 6, 2004, Report: (1) "Defendants Bevis and Bowman are not entitled to qualified immunity under Plaintiff's 42 U.S.C. § 1983 claims because Plaintiff Full had a clearly established constitutional right to work in an environment free from racial discrimination;" (2) "Defendants are individually liable under Title VII (42 U.S.C. § 2000e, *et seq.*), the ADA (42 U.S.C. § 12112), and ADEA (29 U.S.C. § 623(a)) because they each served in a supervisory position and exercised significant control over Plaintiff's hiring, firing, or conditions of employment;" and (3) "pursuant to FRCP 56(f) . . . she has not had a full and fair opportunity to conduct discovery. Summary judgment is, at best, premature." (Objections p. 2.)

In his Report concerning the motions for summary judgment, Magistrate Judge Rogers carefully considers these issues and recommends that the defendants' motions for summary judgment be granted. Plaintiff filed objections to the Report on September 6, 2005. Defendants filed a response to plaintiff's objections on September 21, 2005.

The plaintiff makes the following objections to the August 15, 2005, Report: (1) plaintiff objects to the exclusion of her exhibits; (2) plaintiff objects "because the Magistrate failed to

2

apprehend the law" with regard to her individual liability claims under Title VII, the ADA, and the ADEA (Objections p. 4.); (3) the Magistrate Judge erred in finding that the plaintiff failed to establish the third and fourth elements of her *prima facie* case of age discrimination; and (4) the Magistrate Judge erred in finding that the plaintiff failed to prove a *prima facie* case of gender discrimination.

In conducting this review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections . . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

*Wallace v. Housing Auth. of the City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

### Facts

Plaintiff Dr. Naoma A. Full is a former employee of the South Carolina Department of Mental Health ("DMH"). She began working at the Pee Dee Mental Health Center ("PDMHC") as a senior staff psychiatrist on June 17, 1999. During the plaintiff's employment at PDMHC, defendant Dr. Charles Bevis was the Executive Director and defendant Dr. Phillip Bowman was Chief of Psychiatric Services. The plaintiff is Caucasian female over the age of forty (40).

Plaintiff alleges discrimination and retaliation under 42 U.S.C. §§ 1981 and 1983; Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.; the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq*.; and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq*.

3

**Motion to Dismiss**

**Legal Standard**

Federal Rule of Civil Procedure 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). This procedure, operating on the assumption that the factual allegations in the complaint are true, streamlines litigation by dispensing with needless discovery and fact finding. If, as a matter of law, "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations" a claim must be dismissed, without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one. *Hishon*, 467 U.S. at 73.

The plaintiff has the burden of proving federal jurisdiction is proper. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). When challenging the complaint for lack of subject matter jurisdiction under Rule 12(b)(1), the defendant may move in one of two ways: The defendant may make either a facial, or a factual, attack on the complaint. *Courtney v. Choplin*, 195 F. Supp. 2d 649 (D.N.J. 2002). A facial challenge attacks the factual allegations found on the face of the complaint; whereas, a *factual* challenge attacks the underlying facts in the complaint. *Loughlin v. United States*, 230 F. Supp. 2d 26, 35-36 (D.D.C. 2002). When considering a facial attack, the Court must assume the facts in the complaint are true, similar to the standard applied when ruling on a Rule 12(b)(6) motion. *Adams*, 697 F.2d at 1219. When considering a factual challenge, the court may "go beyond the allegations of the complaint and in an evidentiary hearing determine if there are facts to support the jurisdictional allegations." *Id*.

Dismissal for lack of subject matter jurisdiction under Rule 12(b)(1) is proper only if the claim is "so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely

4

devoid of merit as not to involve a federal controversy." *Growth Horizons, Inc. v. Delaware County, Pa.,* 983 F.2d 1277, 1280-81 (3d Cir. 1993) (*quoting Oneida Indian Nation v. County of Oneida*, 414 U.S. 661, 666 (1974)). "The threshold to withstand a motion to dismiss under Fed. R. Civ. P. 12(b)(1) is thus lower than that required to withstand a Rule 12(b)(6) motion." *Lunderstadt v. Colafella,* 885 F.2d 66, 70 (3d Cir. 1989).

### Discussion

As noted above, plaintiff makes three (3) objections to the August 6, 1004, Report. The Court will address each objection in turn.

### Objection 1: Defendants Bevis and Bowman are not Entitled to Qualified Immunity under 42 U.S.C. § 1983

Plaintiff alleges that the Magistrate Judge erred in recommending that Bevis and Bowman are entitled to qualified immunity.[1] She

> argues that 42 U.S.C. §§ 1981 and 1983 are cognizable because she became the member of a racially-protected class when she advocated for racial equity in the workplace. *See* Peters v. Jenney, 327 F.[3]d 307, 317 (4th Cir. 2003[)]. Thus, Defendants Bevis and Bowman are not entitled to qualified immunity under Plaintiff's 42 U.S.C. § 1983 claims because Plaintiff Full had a clearly established constitutional right to work in an environment free from racial discrimination.

(Objections pp. 1-2.)[2]

In her Second Amended Complaint, the plaintiff raises separate and distinct causes of action

---

[1] Plaintiff's only objection to the Magistrate Judge's recommendation as to her 42 U.S.C. §§ 1981 and 1983 relate to her suit against defendants in their individual capacity. She concedes in her Response to the Defendants' Motion to Dismiss that she is not suing defendants in their official capacity. (Response p. 4.)

[2] In *Peters v. Jenney* the plaintiff, a former director of the school district's gifted education and magnet programs, brought suit against the school board alleging retaliation claims under Title VI and the First Amendment. The Fourth Circuit Court of Appeals recognized that "a white plaintiff subjected to adverse action" for opposing a discriminatory practice may bring a cause of action under §§ 1981 and 1982. 327 F.3d at 317.

5

for 42 U.S.C. §§ 1981[3] and 1983.[4]  In *Jett v. Dallas Independent School Dist.*, 491 U.S. 701, 705 (1989), the United States Supreme Court considered the question of

> whether 42 U.S.C. § 1981 provides an independent federal cause of action for damages against local government entities, and whether that cause of action is broader than the damages remedy available under 42 U.S.C. § 1983, such that a municipality may be held liable for its employees' violations of § 1981 under a theory of *respondeat superior*.

In that case, the Court held

> that the express "action at law" provided by § 1983 for the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws," provides the exclusive federal damages remedy for the violation of the rights guaranteed by § 1981 when the claim is pressed against a state actor.  Thus to prevail on [a] claim for damages . . . [a plaintiff] must show that the violation of his "right to make contracts" protected by § 1981 was caused by a custom or policy within the meaning of *Monell* and subsequent cases.

*Id*. at 735-36.  Consequently, in order to sustain a § 1981 claim, plaintiff must advance a cognizable claim under § 1983.

Public officials are free from liability for monetary damages if they can plead and prove that their conduct did not violate clearly established statutory or constitutional rights of which a resaonable person would have known.  *Wilson v. Layne*, 526 U.S. 603, 609 (1999).  Qualified immunity exists to protect public officials in the performance of their duties unless they are "plainly

---

[3] "All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other."  42 U.S.C. § 1981(a).

[4] "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia."  42 U.S.C. 1983.

6

incompetent" or they "knowingly violate the law." *Doe v. Broderick*, 225 F.3d 440, 446 (4th Cir. 2000). Whether an individual is entitled to qualified immunity must be analyzed in a two (2) step process "considered in proper sequence." *Clem v. Corbeau*, 284 F.3d 543 (4th Cir. 2002). A court must ask the "threshold question" whether "'[t]aken in the light most favorable to the party asserting the injury, . . . the facts alleged show [that] the officer's conduct violated a constitutional right.' If the answer is 'no,' then the analysis ends; the plaintiff cannot prevail." *Id*. at 549 (internal citations omitted). However, if the answer is "yes," then

> "the next, sequential step is to ask whether the right was clearly established" at the time of the events at issue. This determination must be made "in light of the specific context of the case, not as a broad general proposition." If the right was not "clearly established" in the "specific context of the case"–that is, if it was not "clear to a reasonable officer" that the conduct in which he allegedly engaged "was unlawful in the situation he confronted"–then the law affords immunity from suit.

*Id*. (internal citations omitted).

Defendants argue that they are entitled to qualified immunity because the statutory claim alleged by plaintiff is not based on "clearly established" law. The Supreme Court has stated that public officials cannot be "expected to predict the future course of constitutional law." *Wilson v. Lane*, 526 U.S. 603, 617 (1999) (quoting *Procunier v. Navarette,* 434 U.S. 555, 562 (1978)). The Court went on to say: "If judges thus disagree on a constitutional question, it is unfair to subject [public officials] to money damages for picking the losing side of the controversy." *Id*. at 618. The Fourth Circuit has also acknowledged that officials need not guess about future developments in Constitutional law: "The courts have been careful not to add legal prognostication to the already lengthy list of [officials'] responsibilities. 'To expect Defendants to resolve what reasonable jurists have long debated . . . is to impose burdens and expectations well beyond their reasonable capacities.'" *Pinder v. Johnson*, 54 F.3d 1169, 1177 (4th Cir. 1995) (internal citation omitted).

Defendants argue that it is not clearly established that third party interference claims are actionable under 42 U.S.C. § 1981. In her objections, plaintiff states: "Plaintiff asserts that one of the most basic and fundamental employment rights is to work free from racial discrimination. Plaintiff Full further asserts that the Defendants knew that she enjoyed constitutional protection from patently discriminatory behavior." (Objections p. 10.) Plaintiff argues that what she refers to as the "*Felton* exception" applies:

> [U]nder Felton v. Polles, when the interfering party "was acting on behalf of the state" when performing discriminatory functions, his actions are "indistinguishable from that of the state" making the, "director and that state were essentially the same." 315 F.3d 470 (5th Cir. 2002). Further, "it would appear that [Defendant] could only be amenable to § 1981 if he were 'essentially the same' as the State for purposes of the complained-of-conduct." Id. Therefore, because Defendants Bevis and Bowman were acting in their official capacity on behalf of the state when perpetuating these discriminatory practices, contractual privity was not required. The Board and the State entered into a contractual arrangement with Plaintiff Full. Defendants Bevis and Bowman acted pursuant to the authorization of the Defendant Board.

(Objections p. 11.)

In *Felton v. Polles*, the case that is the crux of the plaintiff's argument, the Fifth Circuit Court of Appeals acknowledged that "it is not clear whether a § 1981 claim lies against an individual defendant not a party to the contract giving rise to the claim." *Id*. at 480. In that case, the court declined to clarify the issue stating: "it would appear [plaintiff] could *only* be amenable to § 1981 liability *if* he were "essentially the same" as the State for purposes of the complained-of-conduct. He does *not* appear to be. However, as discussed below, we need not decide this issue." *Id*. at 480-481 (emphasis in original). The Court did not decide whether an individual third party defendant could be sued because it found that the defendant was entitled to qualified immunity because the plaintiff did not allege "anything that approaches harassment within the relevant time frame." *Id*. at 486. Consequently, it appears that any language in *Felton* regarding third party interference claims is, at

8

most, *dicta*.[5]

This Court as well as the Magistrate Judge have been unable to find any precedent from the Fourth Circuit or the Supreme Court on the issue of whether a third party interference claim is allowed under § 1981. It also appears that the plaintiff has failed to find any such precedent since none has been cited in her brief or objections. Consequently, this Court finds that it is not clearly established that a plaintiff can sue an individual defendant not a party to the contract giving rise to the claim. Accordingly, the Magistrate Judge correctly found that the defendants are entitled to qualified immunity because the plaintiff's claim is not based on clearly established law.

**Objection 2: Defendants are Individually Liable under Title VII, the ADA, and ADEA**

Plaintiff argues in her objections that the defendants are liable under Title VII, the ADA, and the ADEA "because they employed discriminatory employment practices against plaintiff, exceeding the boundaries of their clearly delegable duties." (Objections pp. 13-14.) Plaintiff argues that "Defendants Bevis and Bowman exercised supervisory roles over Plaintiff Full's position, and had significant control over her hiring, firing and conditions of employment." (Objections p. 14.) Plaintiff argues that the definition of employer has been construed by the Fourth Circuit as including individuals in a supervisory position who exercise significant control over hiring, firing, and conditions of employment.

The key to plaintiff's claim against these individual defendants is whether or not they qualify as "employers" as defined by the statutes at issue. If they are considered employers she can proceed against them, but if they are not, then her claims must fail. These statutes define "employer" as "a person engaged in an industry affecting commerce who has fifteen or more employees . . . and any

---

[5] Additionally, since *Felton* is a Fifth Circuit Court of Appeals case it is not binding on this Court, but is at most persuasive authority.

agent of such person." 42 U.S.C. § 2000e(b); *see also* 29 U.S.C. § 623(a); 42 U.S.C. § 12111(5)(A).

Plaintiff bases her argument that the defendants are "employers" because of their "supervisory roles" on *Emmons v. Rose's Stores, Inc.*, 5 F. Supp. 2d 358 (E.D. N.C. 1997). In *Emmons*, United States District Court Judge Terrence William Boyle acknowledged that "[t]he Fourth Circuit construed this definition of employer to include individuals who 'serve[ ] in a supervisory position and exercise [ ] significant control over plaintiff's hiring, firing or conditions of employment.'" *Id.* at 362 (*quoting Paroline v. Unisys Corp.*, 879 F.2d 100, 104 (4th Cir. 1989)). However, he ultimately decided that [t]he overwhelming weight of this persuasive authority [from other circuits], and the Fourth Circuit's apparent move away from its *Paroline* logic, convinces this Court that individual agents and employees cannot be held liable under Title VII for the delegable duties which they perform." *Emmons*, 5 F. Supp. 2d at 363. The very case plaintiff cites in support of her argument finds that there is no individual liability under Title VII.

Additionally, the Fourth Circuit has explicitly held that there is no individual liability under Title VII, *Lissau v. Southern Food Service Inc.*, 159 F.3d 177, 181 (4th Cir. 1998) ( "supervisors are not liable in their individual capacities for Title VII violations"), the ADA, *Baird v. Baird*, 192 F.3d 462, 471 (4th Cir. 1999) ("the ADA does not permit an action against individual defendants for retaliation for conduct protected by the ADA"), or the ADEA, *Birkbeck v. Marvel Lighting Corp.*, 30 F.3d 507, 510-511 (4th Cir. 1994) ("We therefore hold that the ADEA limits civil liability to the employer and that Fennessey, as a Marvel employee, is not a proper defendant in this case."). The Fourth Circuit stated the following with regard to the ADEA, but it also applies to Title VII and the ADA:

> While plaintiffs urge us to adopt this view, we find its rationale unpersuasive. Section 630(b) restricts the application of the ADEA to those "employers" who employ twenty

10

or more workers.  The purpose of this provision can only be to reduce the burden of the ADEA on small businesses.  Given this evident limitation, it would be incongruous to hold that the ADEA does not apply to the owner of a business employing, for example, ten people, but that it does apply with full force to a person who supervises the same number of workers in a company employing twenty or more. *See Miller v. Maxwell's Int'l Inc.*, 991 F.2d 583, 587 (9th Cir.1993) ("If Congress decided to protect small entities with limited resources from liability, it is inconceivable that Congress intended to allow civil liability to run against individual employees.").  Such personal liability would place a heavy burden on those who routinely make personnel decisions for enterprises employing twenty or more persons, and we do not read the statute as imposing it.  Instead, we read § 630(b) as an unremarkable expression of respondeat superior--that discriminatory personnel actions taken by an employer's agent may create liability for the employer. *See id.* at 587-88; *see also York v. Tennessee Crushed Stone Ass'n*, 684 F.2d 360, 362 (6th Cir.1982).  Employer liability ensures that no employee can violate the civil rights laws with impunity, a safeguard that has proven sufficient with respect to Title VII, the ADEA's closest statutory kin.  *See Harvey v. Blake*, 913 F.2d 226, 227-28 (5th Cir.1990) (holding that the similar provisions in Title VII, 42 U.S.C. § 2000e(b), mean that individuals acting as employer "agents" will be liable in their official capacities only); *Padway v. Palches*, 665 F.2d 965, 968 (9th Cir.1982) (same).

*Birkbeck*, 30 F.3d at 510.  Plaintiff's causes of action under Title VII, the ADA, and the ADEA against the defendants in their individual capacities must be dismissed.

**Objection 3: Plaintiff has not had a Full and Fair Opportunity to Conduct Discovery**

Plaintiff argues that summary judgment is inappropriate in the instant case because she has not had a full and fair opportunity to conduct discovery.  While the plaintiff is correct that a court may refuse summary judgment when an opposing party has not had the opportunity to conduct discovery, *see Harrods Ltd. v. Sixty Internet Domain Names*, 302 F.3d 214, 244 (4th Cir. 2002), plaintiff's argument is inapplicable to the issues before the Court.  This is not a motion for summary judgment, but rather a motion to dismiss.  Under Federal Rule of Civil Procedure 12(b)(6),

If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such

a motion by Rule 56.

Since the Court has not considered evidence outside of the pleadings the motion has not been converted to a motion for summary judgment. Consequently, plaintiff's objection is without merit.

## Motions for Summary Judgment

### Legal Standard

Defendants filed their motion for summary judgment pursuant to Rule 56, FRCP. The moving party bears the burden of showing that summary judgment is proper. Summary Judgment is proper if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Rules 56(c), FRCP; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Summary judgment is proper if the non-moving party fails to establish an essential element of any cause of action upon which the non-moving party has the burden of proof. *Celotex*, 477 U.S. 317. Once the moving party has brought into question whether there is a genuine issue for trial on a material element of the non-moving party's claims, the non-moving party bears the burden of coming forward with specific facts which show a genuine issue for trial. Fed. R. Civ. P. 56(e); *Matsushita Electrical Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574 (1986). The non-moving party must come forward with enough evidence, beyond a mere scintilla, upon which the fact finder could reasonably find for it. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). The facts and inferences to be drawn therefrom must be viewed in the light most favorable to the non-moving party. *Shealy v. Winston*, 929 F.2d 1009, 1011 (4th Cir. 1991). However, the non-moving party may not rely on beliefs, conjecture, speculation, or conclusory allegations to defeat a motion for summary judgment. *Barber v. Hosp. Corp. of Am.*, 977 F.2d 874-75 (4th Cir. 1992). The evidence relied on must meet "the substantive evidentiary standard of proof that would apply at trial on the merits." *Mitchell v. Data General Corp.*, 12 F.3d 1310, 1316 (4th Cir. 1993).

12

**Discussion**

As noted above, plaintiff makes four (4) objections to the August 15, 2005 Report. The Court will address each objection in turn.

**Objection 1: Plaintiff Objects to the Exclusion of her Exhibits**

The plaintiff objects to the Magistrate Judge's exclusion of several of her exhibits. The exhibits at issue are plaintiff's exhibits 1 (Curriculum Vitae), 2 (employee evaluation), 3 (narrative of chronic fatigue), and 5 (attachments to memorandum of Dr. Bevis). The Magistrate Judge also excluded exhibit 12, which the plaintiff asserts was inadvertently included as an exhibit, and does not object to the Magistrate Judge's exclusion of it.

As to the other exhibits, the plaintiff alleges that the Magistrate Judge has committed "reversible error because he failed to apprehend the standard of evidence required by the nonmoving party in response to a summary judgment motion." (Objections p. 4.) The plaintiff asserts that much of this information was provided during the course of discovery "thereby satisfying the requirements of Rule 56, FRCP" and that the Magistrate's exclusion of the evidence because it was not presented in affidavit form "flies in the face of the mandate or Rule 56." (Objections p. 4.)

Rule 56(e) provides, "when a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." *See also Celetex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). To raise a genuine issue of material fact, the plaintiff must present evidence supporting her position through "depositions, answers to interrogatories, and admissions on file, together with . . . affidavits, if any." *Celetex Corp.*, 477 U.S. at 322; *see also Cray Communications, Inc. v. Novatel Computer Systems, Inc.*, 33 F.3d 390 (4th Cir. 1994); *Orsi v.*

*Kickwood*, 999 F.2d 86 (4th Cir. 1993); Local Rules 7.04, 7.05, D.S.C.  As noted above, the evidence

relied on must meet "the substantive evidentiary standard of proof that would apply at trial on the

merits."  *Mitchell*, 12 F.3d at 1316.

That a document was submitted to an opposing party during discovery is not sufficient to

allow it to be used to support an opposition to a motion for summary judgement.  Instead, the

document must meet the same evidentiary standard it would be required to meet at trial.  *See Id.*

Consequently, this Court agrees with the Magistrate Judge that these exhibits (1, 2, 3, and 5)

submitted by the plaintiff do not comply with the dictates of Rule 56 and were properly not

considered in the analysis of defendants' motions for summary judgment.

**Objection 2: Plaintiff's Individual Liability Claims under Title VII, the ADA, and the ADEA**

The plaintiff alleges that the Magistrate Judge "failed to apprehend the law" in recommending

that the plaintiff's causes of action under Title VII, the ADA, and the ADEA against the defendants

in their individual capacities be dismissed.[6]  The plaintiff is attempting to assert these causes of action

against Drs. Bevis and Bowman in their individual capacities under 42 U.S.C. § 1983.  This objection

is nearly identical to the one above on defendants' motion to dismiss.  However, the Court will

address the plaintiff's objections to the Report concerning the motion for summary judgment.

Of the two (2) cases cited by the plaintiff in her objection, neither one is a § 1983 claim based

on either Title VII, the ADA, or the ADEA.  *Hafer v. Melo*, 502 U.S. 21 (1991), is a § 1983 claim

based on an alleged violation of the plaintiff's due process and First Amendment rights.  *St. Mary's*

---

[6] This discussion relates only to plaintiff's claims against Drs. Bevis and Bowman in their individual capacities.  The plaintiff did not contest in her memorandum in response to the motion for summary judgment that the claims against Bevis and Bowman under Title VII, the ADA, and the ADEA in their official capacities should be dismissed.  *See* August 15, 2005 Report p. 24.  Plaintiff's claim against the DMH for age discrimination under the ADEA and gender discrimination under Title VII are discussed below; she has failed to object to the Magistrate Judge's recommendation that DMH's motion for summary judgment be granted as to her race discrimination under Title VII, retaliation, or ADA claims.

14

*Honor Center v. Hicks*, 509 U.S. 502 (1993), is a Title VII, but it was not brought pursuant to § 1983.

As discussed more fully above, the Fourth Circuit has explicitly held that there is no individual liability under Title VII, *Lissau v. Southern Food Service Inc.*, 159 F.3d 177, 181 (4th Cir. 1998) ( "supervisors are not liable in their individual capacities for Title VII violations"), the ADA, *Baird v. Baird*, 192 F.3d 462, 471 (4th Cir. 1999) ("the ADA does not permit an action against individual defendants for retaliation for conduct protected by the ADA"), or the ADEA, *Birkbeck v. Marvel Lighting Corp.*, 30 F.3d 507, 510-511 (4th Cir. 1994) ("We therefore hold that the ADEA limits civil liability to the employer and that Fennessey, as a Marvel employee, is not a proper defendant in this case."). The plaintiff has failed to give this Court any case law to the contrary and has not established that Drs. Bevis and Bowman are employers within the contemplation of Title VII, the ADA, or the ADEA. Consequently, this Court overrules the plaintiff's objection.

**Objection 3: Plaintiff's Age Discrimination Claim Against the SC Department of Mental Health**

The plaintiff alleges that the Magistrate Judge incorrectly found that she could not establish the third or fourth elements of a *prima facie* case of Age Discrimination. In order to make out a *prima facie* case under the ADEA, Plaintiff must demonstrate (1) that she was a member of a protected age group; (2) that she was subject to adverse employment action; (3) that her job performance met the employer's reasonable expectations; and (4) that she was replaced by a younger individual. *Mitchell*, 12 F.3d at 1314.

The plaintiff argues that in evaluating job performance she presents her job evaluations, which indicated that "she completely performed her duties and she never received a evaluation below the 'meets' standard which is indicative of Plaintiff's job performance meeting her employer's reasonable expectations." (Objections p. 6.) She asserts that since the defendants disagree with the assertion that the plaintiff met her employer's reasonable expectations there is an issue of fact for the jury to

15

determine.

The plaintiff received two performance evaluations while employed at the Pee Dee Center, one in 2000 and one in 2001. The 2000 evaluation indicated that the plaintiff "exceeds" expectations. (Bowman Dep. at 87.) The 2001 evaluation indicates that the plaintiff was performing her duties on a "meets" expectations level. (Plaintiff's Mem. Exh. 2; Bowman Dep. at 87.) However, under the "Actual Performance" section, the following was written on the form:

> Dr. Crisp-Lindgren has unfortunately been ill over much of the rating period. When present, however, her productivity has been excellent and her clinical skills as a psychiatrist are unquestioned. I have counseled her over the past year regarding non-clinical [ ], such as cancelling client appointments when this could have been avoided, and not notifying me in a timely manner re: her medical absences. The 'meets' levels above are to some measure determined simply because her illness has not allowed her to attend reliably to her clinic obligations over the past year.

The performance evaluation form also contains a "Summary" section which includes the following written statement: "Dr. Crisp-Lindgren has received counseling over the rating period. Absenteeism secondary to illness has been high. When she has been able to perform her duties, productivity and quality have been high."

This Court finds that the plaintiff fails to show she was performing at a level that met her employer's reasonable expectations. The undisputed evidence is that plaintiff missed approximately 119 days of work in 2001. It is also undisputed that plaintiff was counseled and reprimanded on multiple occasions regarding rescheduling of patients, failing to timely submit leave slips and not providing timely notice of absences. Also, it is undisputed that plaintiff's extensive absenteeism and rescheduling caused significant disruption and problems in terms of rescheduling patients, as well as resulting discontent with patients and staff. Thus, plaintiff fails on the third element of the *prima facie* case.

While the plaintiff claims that the defendant answered the Complaint admitting that a younger

individual was hired, this Court has failed to find that admission in the record and it is not admitted, as plaintiff alleges, in the Answer.  Consequently, it appears that the plaintiff has averred that the defendant replaced her with a younger individual, no proper evidence of that fact has been presented to the Court.  Additionally, plaintiff has failed to object to the Magistrate Judge's recommendation that the defendant's legitimate, nondiscriminatory reason for the plaintiff's termination is not pretextual.

**Objection 4: Plaintiff's Gender Discrimination Claim Under Title VII against SC Department of Mental Health**

The plaintiff objects to the Magistrate Judge's finding that she failed to prove a *prima facie* case of gender discrimination.  To prove a *prima facie* case of gender discrimination, plaintiff must prove that (1) she is a member of a protected class, (2) she was qualified for her job and her job performance was satisfactory; (3) she suffered an adverse employment action; and (4) other employees who are not members of the protected class were treated more favorably.

As discussed above, this Court believes that the plaintiff has failed to establish that she was performing her job satisfactorily to satisfy the second requirement of a *prima facie* case of gender discrimination.  As to the fourth element of the *prima facie* case, in her objections, plaintiff now alleges that a Dr. Shaw, a male psychiatrist, was allowed to "re-work his schedule and to work flex time."  The Court has reviewed the plaintiff's memorandum in opposition to the motion for summary judgment and can find no mention of a Dr. Shaw.  Without more information the Court cannot determine if Dr. Shaw was treated more favorably than the plaintiff as alleged.  Additionally, plaintiff has failed to object to the Magistrate Judge's recommendation that the defendant's legitimate, nondiscriminatory reason for the plaintiff's termination is not pretextual.

## <u>Conclusion</u>

For the foregoing reasons, the undersigned overrules all objections, incorporates the Reports and Recommendation herein by reference, **GRANTS** the individual defendants' motion to dismiss, and **GRANTS** defendants' motions for summary judgment.

**AND IT IS SO ORDERED.**

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Court Judge

September 26, 2005
Florence, South Carolina

18